1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9

| | |
|---|---|
| SITHASONE SYSOURATH, | 1:06-cv-01601-LJO-TAG HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | FOR FAILING TO EXHAUST STATE COURT REMEDIES AND FOR VIOLATING THE ONE-YEAR STATUTE OF LIMITATIONS |
| JAMES TILTON, Director, | |
| Respondent. | |

        Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

        A preliminary review of the Petition, however, reveals that some of Petitioner's claims may be unexhausted and that the petition may be untimely.

## DISCUSSION

        A.  Preliminary Review of Petition.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

1

1  respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook,

2  260 F.3d 1039 (9th Cir.2001).

3         The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua*

4  *sponte* a habeas petition on statute of limitations grounds so long as the court provides the

5  petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at

6  1041-42.

7         B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus.

8         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

9  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

10  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

11  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).  As the instant petition was

12  filed on November 9, 2006, it is subject to the provisions of the AEDPA.

13         The AEDPA imposes a one year period of limitation on petitioners seeking to file a

14  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

15  subdivision (d) reads:

16         (1)  A 1-year period of limitation shall apply to an application for a writ of
       habeas corpus by a person in custody pursuant to the judgment of a State court.
17     The limitation period shall run from the latest of –

18             (A) the date on which the judgment became final by the conclusion of
           direct review or the expiration of the time for seeking such review;
19
               (B) the date on which the impediment to filing an application created by
20         State action in violation of the Constitution or laws of the United States is
           removed, if the applicant was prevented from filing by such State action;
21
               (C) the date on which the constitutional right asserted was initially recognized
22         by the Supreme Court, if the right has been newly recognized by the Supreme Court and
           made retroactively applicable to cases on collateral review; or
23
               (D) the date on which the factual predicate of the claim or claims
24         presented could have been discovered through the exercise of due diligence.

25         (2) The time during which a properly filed application for State post-
       conviction or other collateral review with respect to the pertinent judgment or
26     claim is pending shall not be counted toward any period of limitation under this
       subsection.

27  28 U.S.C. § 2244(d).

28

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  If a Petitioner does not appeal a state court judgment, the conviction becomes final on the date on which the time for filing such an appeal expired.  Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); see also  United States v. Wilson, 256 F.3d 217, 221 (4th Cir. 2001)(Michael, J., concurring); Adams v. United States, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001).  In California, a conviction becomes final sixty days after the superior court proceedings have concluded.  Cal. Rules of Court, rule 31(d); Lewis, 173 F.Supp.2d at 1060.

In this case, Petitioner was convicted on April 3, 2002.  (Doc. 1, p. 2).  Thus, his conviction would have become final sixty days after that date, or on June 2, 2002.  Petitioner would have had one year after that date, or until June 2, 2003, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Petitioner did not file the instant petition until November 9, 2006, approximately forty months after the statute of limitations would have expired.  Thus, unless Petitioner is entitled to statutory tolling, the petition is untimely and must be dismissed.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2).  In this case, Petitioner alleges that he filed a state habeas petition in the California Supreme Court, but provides no further information about when the petition was filed or how long it was pending before being denied. Without this information, the Court cannot determine whether Petitioner is entitled to sufficient tolling to make his petition timely.

Because Petitioner has provided insufficient information for the Court to make this initial determination, Petitioner will be required in his response to the Court's Order to Show Cause to provide further information regarding the dates during which any state habeas petitions were pending, including the dates of filing, the courts in which the petitions were filed, the issues

raised, and the dates of decision.  Petitioner should include in his response copies of any state

petitions he has filed as well as the state court's decisions on those petitions.

C.  Exhaustion of Claims.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by

a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court

with a full and fair opportunity to consider each claim before presenting it to the federal court.

Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

A federal court will find that the highest state court was given a full and fair opportunity to hear a

claim if the petitioner has presented the highest state court with the claim's factual and legal

basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504

U.S. 1 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising

a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

Cir.1999);  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner

wishes to claim that the trial court violated his due process rights "he must say so, not only in

federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  In Duncan, the

United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
> of state remedies requires that petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the "opportunity to pass upon and correct
> alleged violations of the prisoners' federal rights" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
> are asserting claims under the United States Constitution. If a habeas petitioner
> wishes to claim that an evidentiary ruling at a state court trial denied him the due

///

4

process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner alleges that he pleaded guilty to the underlying conviction on which the instant petition is based, and that he raised the issue of the constitutionality of his sentence in a state habeas petition in the California Supreme Court.  (Doc. 1, p. 3).  In the petition itself, Petitioner raises two claims: (1) unconstitutional sentence in excess of his plea agreement; and (2) ineffective assistance of trial counsel in failing to present a defense of voluntary intoxication and obtaining a psychological examination of Petitioner.  (Id. at p. 5).

Comparing the claims raised in the instant petition with the claim raised in the highest state court, it appears that Ground Two has never been presented in any California court and is therefore unexhausted.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims.   Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997).

Petitioner will be ordered to show cause why the Petition should not be dismissed for failing to exhaust state court remedies.  Should it be the case that the claims were exhausted and that Petitioner has simply failed to inform the Court of that fact, Petitioner, in his response to this Order to Show Cause, should make clear when and in what court the claims were raised.  If

1   possible, Petitioner should present to the Court documentary evidence that the claims were

2   indeed presented to the California Supreme Court.[1]

3       If the Petition does in fact contain unexhausted claims, Petitioner may, at his option,

4   withdraw the unexhausted claims and go forward with the exhausted claims, assuming there are

5   exhausted claims in the instant petition.  Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000)

6   ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted

7   claims as an alternative to suffering dismissal").

8       Petitioner may also move to withdraw the entire Petition and return to federal court only

9   when he has finally exhausted his state court remedies.  Petitioner should bear in mind, however,

10   that there exists a one year statute of limitations applicable to federal habeas corpus petitions.

11   28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885.  In most cases, the one year period starts to

12   run on the date the California Supreme Court denied Petitioner's direct review.  See id.

13   Although the limitations period tolls while a properly filed request for collateral review is

14   pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is

15   pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

16       Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the

17   Court later find that the Petition contains unexhausted claims.

18   **ORDER**

19       Accordingly, the Court HEREBY ORDERS:

20       1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of

21          service of this Order why the Petition should not be dismissed for failing to exhaust

22          state court remedies and for violating the one-year statute of limitations in

23          28  U.S.C. § 2244(d).

24   ///

25   ///

26

27       [1]A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion.  The

28   proper documentation to provide would be a copy of the Petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.


IT IS SO ORDERED.

Dated:   __January 4, 2008__                                    _____/s/ Theresa A. Goldner_____
_____                                                                          UNITED STATES MAGISTRATE JUDGE