1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  SITHASONE SYSOURATH,                    )   1:06-cv-01601-LJO-TAG HC
                                           )
10                    Petitioner,          )   FINDINGS AND RECOMMENDATIONS TO
                                           )   DISMISS PETITION FOR WRIT OF HABEAS
11     v.                                  )   CORPUS AS CONTAINING UNEXHAUSTED
                                           )   CLAIMS AND FOR VIOLATION OF THE
12  JAMES E. TILTON, Director,             )   ONE-YEAR STATUTE OF LIMITATIONS
                                           )
13                    Respondent.          )   ORDER DIRECTING OBJECTIONS TO BE
    _____)   FILED WITHIN FIFTEEN DAYS

14
15

16        Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus

17  pursuant to 28 U.S.C. § 2254.  (Doc. 1).

18        A preliminary review of the petition, however, revealed that one of Petitioner's claims

19  was unexhausted and that the petition was untimely.  Accordingly, the Court issued an Order to

20  Show Cause on January 4, 2008, directing Petitioner to file a response within thirty days.  (Doc.

21  5).  On March 14, 2008, Petitioner filed a two-page response, indicating that he had become

22  aware of an issue "raging" in the courts regarding the legality of California's Determinate

23  Sentencing Laws and that, wishing to preserve that issue, he filed the instant petition.  (Doc. 8).

24  Petitioner's response did not address the issue of exhaustion in any way, nor otherwise address

25  the apparent untimeliness of the petition.

26                                 **DISCUSSION**

27  A.  Preliminary Review of Petition.

28        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

1

1   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

2   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

3   2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

4   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

5   respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook,

6   260 F.3d 1039 (9th Cir.2001).

7        In Herbst, the Ninth Circuit concluded that a district court may dismiss sua sponte a

8   habeas petition on statute of limitations grounds so long as the court provides the petitioner

9   adequate notice of its intent to dismiss and an opportunity to respond.  Herbst v. Cook, 260 F.3d

10  at 1041-1042.  Here, the Court has provided Petitioner with an opportunity to respond, and, in

11  these Findings and Recommendations, the Court concludes that the response is inadequate and

12  the petition untimely.

13       B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus.

14       1.  Requirements of Federal Habeas Law.

15       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

16  of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

17  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

18  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118

19  S.Ct. 586 (1997).  The instant petition was filed on November 9, 2006, and is subject to the

20  provisions of the AEDPA.

21       The AEDPA imposes a one year period of limitation on petitioners seeking to file a

22  federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

23  subdivision (d) reads:

24       (1)  A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
25       The limitation period shall run from the latest of –

26           (A) the date on which the judgment became final by the conclusion of
             direct review or the expiration of the time for seeking such review;

27           (B) the date on which the impediment to filing an application created by
28           State action in violation of the Constitution or laws of the United States is

2

removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  If a Petitioner does not appeal a state court judgment, the conviction becomes final on the date on which the time for filing such an appeal expired.  Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); see also United States v. Wilson, 256 F.3d 217, 221 (4th Cir. 2001)(Michael, J., concurring); Adams v. United States, 173 F.3d 1339, 1342 n. 2 (11th Cir. 1999); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001).  In California, a conviction becomes final sixty days after the superior court proceedings have concluded.  Cal. Rules of Court, former Rule 31(d)[1]; Lewis, 173 F.Supp.2d at 1060.

  In this case, Petitioner was convicted on April 3, 2002.  (Doc. 1, p. 2).  Thus, his conviction would have become final sixty days after that date, or on June 2, 2002.  Petitioner would have had one year after that date, or until June 2, 2003, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

  Petitioner did not file the instant petition until November 9, 2006, approximately forty months after the statute of limitations would have expired.  Thus, unless Petitioner is entitled to statutory tolling, the petition is untimely and must be dismissed.

///

---

[1]Effective January 1, 2004, the Judicial Council of California repealed Rule 31(d) and moved its provisions, as  amended, to former Rule 30(b).  It subsequently renumbered Rule 30(b), as Rule 8.304(b).

1

2. <u>Statutory Tolling.</u>

2

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

3

application for State post-conviction or other collateral review with respect to the pertinent

4

judgment or claim is pending shall not be counted toward" the one year limitation period.

5

28 U.S.C. § 2244(d)(2).  In this case, Petitioner alleges that he filed a state habeas petition in the

6

California Supreme Court, but provides no further information about when the petition was filed

7

or how long it was pending before being denied. The Court has provided Petitioner with an

8

opportunity to supplement his petition with this relevant information.  Petitioner has not done so,

9

although it is Petitioner's responsibility to establish that the petition is timely.  Accordingly, the

10

Court concludes that the petition is not timely, based on the information submitted by Petitioner.

11

3. <u>Equitable Tolling.</u>

12

The limitations period is subject to equitable tolling if "extraordinary circumstances

13

beyond a prisoner's control" have made it impossible for the petition to be filed on time.

14

<u>Calderon v. U.S. Dist. Ct. (Beeler)</u>, 128 F. 3d 1283, 1288 (9th Cir. 1997)(noting that "[e]quitable

15

tolling will not be available in most cases, as extensions of time will only be granted if

16

'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on

17

time"), <u>overruled in part on other grounds by</u> <u>Calderon v. United States District Court (Kelly)</u>,

18

163 F. 3d 530, 541 (9th Cir. 1998) (en banc), <u>overruled in part on other grounds by</u> <u>Woodford v.</u>

19

<u>Garceau</u>, 538 U.S. 202, 205-206, 123 S Ct. 1398 (2003).  "When external forces, rather than a

20

petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

21

statute of limitations may be appropriate."  <u>Lott v. Mueller</u>, 304 F. 3d 918, 922 (9th Cir.

22

2002)(quoting <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999)).

23

In his response to the Court's Order to Show Cause, Petitioner contends that "[s]ince

24

Petitioner's filings, the United States Supreme Court decided the case of <u>Cunningham v.</u>

25

<u>California</u>, (Jan. 22, 2007) 127 S.Ct. 856, 166 L.Ed. 2d 856, 2007 U.S. Lexis 1324...Petitioner

26

submit[s] that this court must grant him a remedy to correct his unconstitutional sentence." (Doc.

27

28

8, p. 1).[2]

Petitioner appears to contend that Cunningham is analogous to "newly discovered evidence" that should provide a basis for equitable tolling.  He is incorrect.  The AEDPA's one year time limit commences on the date the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered by the petitioner.  In addition, the trigger in 28 U.S.C. § 2244(d)(1)(D) is the discovery (actual or imputed) of the claim's *factual predicate*," not the recognition of the legal significance of the facts.  Stated differently, the time begins when the prisoner knows (or through diligence could discover) the important facts, not when he recognizes their legal significance.

In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit concluded that Cunningham did not announce a new rule and thus was to be applied retroactively. As noted in Cunningham, the U.S. Supreme Court decisions in Apprendi,[3] Blakely,[4] and Booker[5] made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. Cunningham, 549 U.S. at 306.  Thus, Petitioner was on notice several years before his conviction, i.e., as early as the year 2000 when Apprendi was decided, that a legal claim could be raised regarding the constitutionality of sentence enhancements that are supported by facts not found by a jury.  Petitioner filed the instant petition in November 2006, yet did not seek to raise the Apprendi/Blakely issue, even though both of those cases had already been decided at that point.  Petitioner was well aware of the factual predicate for such a claim, having been sentenced to an enhanced sentence based on specific findings of which he was fully aware.  Although Petitioner may not have been fully cognizant of the legal significance of those facts, he cannot now avail himself of equitable tolling on that basis.

---

[2]Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007)

[3]Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

[4]Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004).

[5]U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

1    C.  Exhaustion of Claims.

2    A petitioner who is in state custody and wishes to collaterally challenge his conviction by

3    a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

4    The exhaustion doctrine is based on comity to the state court and gives the state court the initial

5    opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

6    U.S. 722, 731, 111 S.Ct. 2546, 2554-2555 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

7    1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

8    A petitioner can satisfy the exhaustion requirement by providing the highest state court

9    with a full and fair opportunity to consider each claim before presenting it to the federal court.

10   Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829

11   (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

12   opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

13   factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995), 115 S. Ct. 887 (legal basis);

14   Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S. Ct. 1715 (1992), superceded by statute as

15   stated in Williams v. Taylor, 529 U.S. 420, 432-434 (2000).

16   Additionally, the petitioner must have specifically told the state court that he was raising

17   a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666,

18   669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

19   Cir.1999);  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner

20   wishes to claim that the trial court violated his due process rights "he must say so, not only in

21   federal court but in state court."  Duncan, 513 U.S. at 366.  In Duncan, the United States

22   Supreme Court reiterated the rule as follows:

23       In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
         of state remedies requires that petitioners "fairly presen[t]" federal claims to the
24       state courts in order to give the State the "'opportunity to pass upon and correct
         alleged violations of the prisoners' federal rights" (some internal quotation marks
25       omitted). If state courts are to be given the opportunity to correct alleged violations
         of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
26       are asserting claims under the United States Constitution. If a habeas petitioner
         wishes to claim that an evidentiary ruling at a state court trial denied him the due
27       process of law guaranteed by the Fourteenth Amendment, he must say so, not only
         in federal court, but in state court.

28

1   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

2
            Our rule is that a state prisoner has not "fairly presented" (and thus
3       exhausted) his federal claims in state court *unless he specifically indicated to
        that court that those claims were based on federal law*.  See Shumway v. Payne,
4       223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
        Duncan, this court has held that the *petitioner must make the federal basis of the*
5       *claim explicit either by citing federal law or the decisions of federal courts, even*
        *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
6       (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
        underlying claim would be decided under state law on the same considerations
7       that would control resolution of the claim on federal grounds. Hiivala v. Wood,
        195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
8       (9th Cir. 1996); . . . .
            In Johnson, we explained that the petitioner must alert the state court to
9       the fact that the relevant claim is a federal one without regard to how similar the
        state and federal standards for reviewing the claim may be or how obvious the
10      violation of federal law is.

11  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

12      Here, Petitioner alleges that he pleaded guilty to the underlying conviction on which the

13  instant petition is based, and that he raised the issue of the constitutionality of his sentence in a

14  state habeas petition in the California Supreme Court.  (Doc. 1, p. 3).  In the petition itself,

15  Petitioner raises two claims: (1) unconstitutional sentence in excess of his plea agreement; and

16  (2) ineffective assistance of trial counsel in failing to present a defense of voluntary intoxication

    and obtaining a psychological examination of Petitioner.  (Id. at p. 5).
17
        Comparing the claims raised in the instant petition with the claim raised in the highest
18
    state court, it appears that Ground Two has never been presented in any California court and is
19
    therefore unexhausted.
20
        The Court must dismiss a petition that contains unexhausted claims, even if it also
21
    contains exhausted claims.  Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205.
22
        Petitioner was ordered to show cause why the instant petition should not be dismissed for
23
    failing to exhaust state court remedies.  However, in his response, Petitioner did not address the
24
    exhaustion issue.  If the petition does in fact contain unexhausted claims, Petitioner may, at his
25
    option, withdraw the unexhausted claims and go forward with the exhausted claims, assuming
26
    there are exhausted claims in the instant petition.  Anthony v. Cambra, 236 F.3d 568, 574 (9th
27
    Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking
28

1  unexhausted claims as an alternative to suffering dismissal").  Petitioner may also move to

2  withdraw the entire petition and return to federal court only when he has finally exhausted his

3  state court remedies.  Here, however, since the Court concludes that the petition is untimely and

4  must be dismissed, it would be futile to permit Petitioner to withdraw the unexhausted claim and

5  proceed on the exhausted claim.

6  ### RECOMMENDATIONS

7           For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas

8  corpus be dismissed as untimely.

9           These Findings and Recommendations are submitted to the United States District Judge

10  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

11  the Local Rules of Practice for the United States District Court, Eastern District of California.

12  Within fifteen (15) days after being served with a copy of these Findings and Recommendations,

13  any party may file written objections with the Court and serve a copy on all parties.  Such a

14  document should be captioned "Objections to Magistrate Judge's Findings and

15  Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days

16  (plus three days if served by mail) after service of the objections.  The District Judge will then

17  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

18  advised that failure to file objections within the specified time may waive the right to appeal the

19  District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20

21  IT IS SO ORDERED.

22  Dated:   **November 4, 2008**                         **/s/ Theresa A. Goldner**
23                                                                       UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28